Filed 11/28/22 P. v. Mathis CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074933 |
| v. | (Super.Ct.No. CR50362) |
| WILLIAM HENRY MATHIS III, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Ronald L. Taylor, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed and remanded.

Jean Ballantine and Howard C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Banta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys

General, Eric A. Swenson, Felicity Senoski, Lynne G. McGinnis and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

In 1994, defendant and appellant William Henry Mathis III was convicted of first degree murder, on a felony-murder theory, with a robbery-murder special-circumstance finding; in 1996, this court affirmed the judgment. (*People v. Mathis* (July 30, 1996, E015611) [nonpub. opn.] (*Mathis*).) In 2019, defendant filed a petition to vacate the murder conviction under Penal Code section 1172.6.[1] The superior court dismissed the petition on the grounds the felony-murder special-circumstance finding conclusively established that he was not eligible for relief.

On appeal, defendant argued the special-circumstance finding did not render him ineligible as a matter of law because it predated the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which clarified what "major participant" and "reckless indifference to human life" mean for purposes of section 190.2, subdivision (d). In our original opinion, we disagreed and affirmed. The California Supreme Court subsequently granted review of our opinion and deferred action pending its decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*); it has now transferred the matter back to us with directions to vacate our original opinion and reconsider defendant's appeal in light of its decision.

---

[1] Undesignated statutory references are to the Penal Code.

The petition was filed under former section 1170.95. (Enacted by Stats. 2018, ch. 1015, § 4, amended by Stats. 2021, ch. 551, § 2.) While this appeal was pending, former section 1170.95 was renumbered as section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will use section 1172.6, somewhat anachronistically, to refer to whichever one of the two statutes was in effect at the relevant time.

Via supplemental briefing, defendant contends, and the People concede, the matter should be reversed and remanded for further proceedings given the *Strong* decision. We agree and reverse.

## I. PROCEDURAL BACKGROUND AND FACTS[2]

In the process of robbing a store in June 1993, defendant and a codefendant shot and killed the clerk. Defendants were in the store when a customer left around 9:48 p.m. The clerk's friend arrived a little after 10:00 p.m. and heard a "pop." She saw defendant standing behind the counter and the codefendant standing in the doorway to the storeroom. As she approached, defendants left through the back door. The clerk, who was lying on the bathroom floor in the back area of the store, died as the result of three gunshot wounds to the head. Defendants were apprehended in the early morning hours the next day. (*Mathis*, *supra*, E015611.)

A jury convicted defendant of first degree murder (§ 187, subd. (a)) and found true, inter alia, the robbery-murder special-circumstance allegation under section 190.2, former subdivision (a)(17)(i) (now subd. (a)(17)(A); Stats 1995, ch. 478, § 2). Defendant was sentenced to life without the possibility of parole. In 1996, we affirmed the conviction. (*Mathis*, *supra*, E015611.)

In 2015 and 2016, the California Supreme Court decided *Banks* and *Clark*, respectively, which discuss when section 190.2 authorizes a special circumstance life

---

[2] The underlying facts of defendant's murder conviction are not relevant to our analysis, so we recount them briefly, taking them from *Mathis*, *supra*, E015611. (See *People v. Allison* (2020) 55 Cal.App.5th 449, 454, & fn. 3, overruled on other grounds as stated in *Strong*, 13 Cal.5th at p. 718.)

3

without parole sentence for a felony murder defendant convicted as an aider and abettor. (*Banks*, *supra*, 61 Cal.4th at p. 794; *Clark*, *supra*, 63 Cal.4th at pp. 609-610.) Those decisions held that participation in an armed robbery, on its own, is insufficient to support a finding that the defendant acted with reckless indifference to human life. Instead, the fact finder must consider "the defendant's *personal* role in the crimes leading to the victim's death and weigh the defendant's individual responsibility for the loss of life, not just his or her vicarious responsibility for the underlying crime." (*Banks*, at p. 801.) "The defendant must be aware of and willingly involved in the violent manner in which the particular offense is committed," thereby "demonstrating reckless indifference to the significant risk of death his or her actions create." (*Ibid*.) *Banks* provided a nonexhaustive list of factors to consider when determining whether the defendant was a major participant in the underlying felony, and *Clark* provided a similar list for determining whether the defendant acted with reckless indifference to human life. (*Banks*, at p. 803; *Clark*, at pp. 619-623.)

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.), which, among other things, amended the definition of felony murder in section 189 (Stats. 2018, ch. 1015, § 3) and created a procedure for vacating murder convictions predating the amendment that could not be sustained under the new law. On January 8, 2019, defendant followed this procedure and petitioned, in propria persona, for resentencing on the grounds he had been convicted of first degree murder under a felony-murder theory, but could not be convicted under the new law. Counsel was appointed to represent him.

The prosecution moved to dismiss the petition on the grounds the special-circumstance finding demonstrated, as a matter of law, that the jury found defendant was a major participant in the robbery who acted with reckless indifference to human life, and as a result, he was categorically ineligible for relief. Defense counsel objected "for the record" and submitted. The superior court granted the motion to dismiss the petition for the reasons stated by the prosecution.[3]

## II. DISCUSSION

Under section 1172.6, the superior court must vacate a first degree murder conviction that was based on a felony-murder theory, unless the petitioner either (1) was the actual killer, (2) had the intent to kill and aided and abetted the commission of first degree murder, or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 1172.6, subd. (d)(3), incorporating § 189, subd. (e).) A felony-murder special-circumstance finding, however, requires that the defendant either (1) was the actual killer, (2) had the intent to kill and aided and abetted the commission of first degree murder, or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 190.2, subds. (a)(17), (b)-(d).)

---

[3] We note the February 28, 2020 minute order reads, "Petition denied." However, after the prosecutor made a "motion to dismiss" the petition, the court stated: "The motion to dismiss is granted." The court's oral ruling prevails over the discrepant minute order. (*People v. Hartley* (2016) 248 Cal.App.4th 620, 637 ["When there is a discrepancy between the record of the court's oral pronouncement of judgment and the clerk's minute order, the oral pronouncement controls."].)

When first confronted with the question, this court held that a true finding on a felony-murder special-circumstance allegation conclusively established ineligibility for relief under section 1172.6. (*People v. Jones* (Oct. 23, 2020, E072961) [nonpub. opn.] review granted and matter trans. with directions Sept. 28, 2022, S265854.) In *Strong*, the California Supreme Court held that a true finding on a robbery-murder special-circumstance allegation, which predates *Banks* and *Clark*, does not render a section 1172.6 petitioner ineligible for relief as a matter of law because the finding was made "under outdated legal standards." (*Strong*, *supra*, 13 Cal.5th at p. 720.) Additionally, *Strong* held that a court's postconviction determination that substantial evidence supports the finding under *Banks* and *Clark* also does not render the petitioner ineligible as a matter of law because the determination "would not involve a determination beyond a reasonable doubt that [the current legal standards] were met." (*Strong*, at p. 720.)

The People concede that, in light of *Strong*, the order dismissing defendant's petition for resentencing at the prima facie stage must be reversed. We agree.

Defendant also argues that we should direct the superior court to issue an order to show cause. (See § 1172.6, subd. (c).) Because the superior court dismissed the petition based on the felony-murder special-circumstance finding, it has not yet ruled on whether the petition otherwise stated a prima facie case. We decline to review a ruling the superior court has not made. We leave the question of whether to issue an order to show cause to be decided by the superior court in the first instance.

6

## II. DISPOSITION

The order appealed from is reversed, and the matter is remanded for further proceedings.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

MENETREZ
J.

7